Argued and submitted June 3, reversed and remanded November 17, 1993

Roger BRITT
and Rita Britt,
husband and wife,
*Plaintiffs,*

*v.*

KINZUA CORPORATION,
a Washington corporation,
*Defendant,*

*and*

KINZUA CORPORATION,
a Washington corporation,
*Third-Party Plaintiff - Appellant,*

*v.*

Randy BRITT
and Sidney Britt, dba Sid Britt Logging,
*Third-Party Defendants - Respondents.*

(90-CV-12; CA A75680)

863 P2d 507

Peter R. Chamberlain argued the cause for appellant. With him on the briefs was Bodyfelt Mount Stroup & Chamberlain.

Janet M. Schroer argued the cause for respondents. With her on the brief were Eli D. Stutsman, John E. Hart and Hoffman, Hart & Wagner.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Third-party plaintiff Kinzua Corporation (Kinzua) appeals a summary judgment dismissing its contract claims against third-party defendant Sid Britt Logging (SBL). We reverse.

Plaintiff Roger Britt (Britt) worked for SBL as a log truck driver delivering logs to Kinzua. He was injured when a log fell as it was being unloaded from his truck at Kinzua's mill. He and his wife brought claims against Kinzua to recover damages arising from that accident, and Kinzua impleaded SBL. The Britts' claim was settled.

Kinzua's third-party complaint asserts claims under the indemnity and insurance provisions of its contract with SBL. Both claims allege as damages the value of the settlement with the Britts, and the value of the attorney fees expended to procure that settlement. Kinzua and SBL each moved for summary judgment on both claims. The trial court denied Kinzua's motion in its entirety, and granted SBL's motion in its entirety. Kinzua assigns error to those rulings.

We first consider whether the trial court erred by granting SBL's motion for summary judgment. We review the facts in the light most favorable to Kinzua to determine whether SBL is entitled to judgment as a matter of law. *Stevens v. Bispham*, 316 Or 221, 223, 851 P2d 556 (1993). The issue on summary judgment regards construction of the parties' contract. The construction of an unambiguous contract is a matter of law for the court. *Mann v. Wetter*, 100 Or App 184, 188, 785 P2d 1064, *rev den* 309 Or 645 (1990). A contract is ambiguous if it is capable of more than one reasonable interpretation. *Deerfield Commodities v. Nerco, Inc.*, 72 Or App 305, 317, 696 P2d 1096, *rev den* 299 Or 314 (1985). If a contract term is ambiguous, the meaning of that term is a question of fact. *Mann v. Wetter, supra.*

Kinzua's contract with SBL requires SBL to undertake "logging operations" on Kinzua's forest lands, including:

"falling and bucking all of the timber and skidding, loading, hauling and *delivering* all of *the logs* harvested pursuant to this contract." (Emphasis supplied.)

The contract requires SBL to

> "indemnify, save and hold Kinzua harmless from any loss, damages, claims, demands, expenses, including attorney fees, or liabilities [of] any kind or nature arising out of or connected with [SBL's] operations."

It further provides that SBL

> "shall carry Logger's Broad Form Property Damage and public liability insurance [in specified amounts] covering its operations under this agreement. * * * Such insurance shall name Kinzua as an additional insured[.]"

In short, SBL's indemnity and insurance obligations extend only to "operations" as defined in the contract, which include "delivering * * * the logs." The parties agree that the issue is whether the Britts' injuries arose out of delivery of the logs.

■ Kinzua contends that delivery unambiguously includes unloading the logs at Kinzua's mill. It argues that, if delivery is completed by driving the logs onto the mill site and parking, then there is no difference between "hauling" and "delivering," and that would violate the rule that a contract must be read as a whole so as to give meaning to all of its parts.

SBL contends that delivery unambiguously refers only to driving the logs to the mill site. It maintains that, if the parties had wanted to make unloading as well as loading part of the logging operations, they could have so provided, but they did not. Once the logs are made available for Kinzua's crane operator to remove them from the truck, SBL argues, they have been delivered, within the meaning of the contract.

Neither party's proposed construction of the contract is unreasonable. The term delivery could be reasonably interpreted as including unloading, and it could be reasonably interpreted as including only those activities necessary to prepare the logs to be released to Kinzua. We conclude that reasonable people could differ as to the meaning of "delivering," as used in the parties' contract. That meaning, therefore, is ambiguous, and involves a question of fact. In view of that factual issue, the trial court erred by granting SBL's motion for summary judgment.[1]

---

[1] SBL also contends that the indemnity provision should not be construed as applying to injuries caused by Kinzua's conduct. Even assuming that SBL is correct, a factual issue remains regarding whose conduct caused the Britts' injuries.

For the same reasons, the trial court did not err by denying Kinzua's motion for summary judgment.[2]

Reversed and remanded.

---

[2] Although the parties agree that this case should be decided on summary judgment, a court is not empowered to enter summary judgment when a genuine question of material fact exists. ORCP 47C; *McKee v. Gilbert*, 62 Or App 310, 320-21, 661 P2d 97 (1983).